**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHONN TERRENCE TIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0266** |
| | ) | **Judge Aleta A. Trauger** |
| **ROBERT C. BRYAN, Sheriff of Wilson** | ) | |
| **County, Tennessee,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM</u>

Before the court are plaintiff Shonn Tibbs' Objections (Doc. No. 66) to the magistrate judge's January 5, 2018 Report and Recommendation ("R&R") (Doc. No. 64) recommending (1) that the plaintiff's Motion for Partial Summary Judgment (Doc. No. 49) and Motion "[t]o schedule a hearing on plaintiff's existing application for a temporary restraining Order" (Doc. No. 20, at 1) be denied; and (2) that judgment be entered *sua sponte* in favor of defendant Robert C. Bryan, Sheriff of Wilson County Tennessee, even though Bryan has not filed his own dispositive motion.

For the reasons discussed herein, the court will overrule the plaintiff's Objections and accept the magistrate judge's recommendations that the plaintiff's motions be denied and that judgment be entered in favor of the defendant.

## I.     Standard of Review

The Federal Magistrates Act of 1968 authorizes the district courts to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for

those matters deemed "dispositive." 28 U.S.C. § 636(b)(1)(A). A magistrate judge may be designated to hear and consider dispositive motions, but, with respect to such motions, the magistrate judge must submit to the district court proposed findings of fact and recommendations for the disposition of the motion by the district judge. 28 U.S.C. § 636(b)(1)(B).

When an objection is lodged against a magistrate judge's report and recommendation on a dispositive matter, the district court applies a *de novo* standard of review to any portion of the R&R to which the moving party objects. In conducting this review, courts reexamine the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be "accept[ed], reject[ed], or modif[ied], in whole or in part[.]" 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## II. Procedural History

Tibbs filed his Complaint initiating this action on February 8, 2017.[1] The Complaint incorporated a request for an "*instant* temporary restraining order" prohibiting Bryan from taking certain actions, as discussed below. In April 2017, the plaintiff filed his Motion requesting a hearing on his application for a temporary restraining order ("TRO"). (Doc. No. 20.) It does not appear that the defendant ever filed a response to that motion.

In May 2017, the plaintiff filed his Motion for Leave to Amend (Doc. No. 24) to which he attached as an exhibit his proposed First Amended Complaint (Doc. No. 24-1), which also incorporates a request for a TRO. The defendant did not oppose the Motion to Amend.

The plaintiff filed his Motion for Partial Summary Judgment on October 20, 2017. (Doc. No. 49), along with a supporting Memorandum, Statement of Undisputed Facts, and the

---

[1] The Complaint identifies as defendants Sheriff Bryan and John W. Wooten, Circuit Judge for the Fifteenth Judicial District of Tennessee (whose actual name is John D. Wootten, Jr.). The court previously granted Judge Wootten's Motion to Dismiss, leaving Sheriff Bryan as the sole defendant in this action.

plaintiff's Affidavit (Doc. Nos. 50–52). This motion has been fully briefed, the defendant having filed a Response and Memorandum in Opposition (Doc. Nos. 57, 61), a Response to Plaintiff's Statement of Material Facts (Doc. No. 58), and the Affidavits of Lt. Steve Gatlin and Sheriff Bryan (Doc. Nos. 59, 60). The plaintiff filed a Reply. (Doc. No. 62.)

On January 5, 2018, the magistrate judge entered his R&R (Doc. No. 64) recommending that the plaintiff's pending motions be denied and that judgment be entered in favor of the defendant. On the same day, the magistrate judge entered an Order granting the plaintiff's Motion to Amend (Doc. No. 63), and the First Amended Complaint was filed as a separate document. (Doc. No. 65.)

The plaintiff filed timely Objections to the R&R, to which the defendant has responded, and the plaintiff filed a Reply. (Doc. Nos. 66, 67, 68.)

## III.     Factual Allegations

The basic facts are undisputed, though the parties dispute the legal implications of the facts.

The plaintiff alleges that Judge John Wootten, Wilson County Circuit Judge, issued an Attachment Order for Tibbs' arrest for contempt when Tibbs was late for a hearing scheduled to be conducted in a civil matter over which Judge Wootten presided, even though Tibbs had called the clerk of court to give notice that traffic was heavy and he would be running "slightly late" and that opposing counsel was willing to wait. (Am. Compl., Doc. No. 65, at 4.)[2] Tibbs alleges that Bryan, as Wilson County Sheriff, is the governmental officer charged with the responsibility of executing the attachment order. (Am. Compl. ¶ 22.) Tibbs does not allege that he has been arrested on the attachment, and he seeks a TRO barring Bryan from serving or executing it on the

---

[2] In his Affidavit, Tibbs avers that "[e]very assertion of fact in [the] Amended Complaint is true to the best of [his] knowledge, information, and belief." (Tibbs Aff. at 4.)

basis that it is void as a matter of law.

In addition, Tibbs alleges that, from April 2017 through August 2017, Bryan caused Tibbs' name and photograph to be added to the official website of the Wilson County Sheriff's Office on the county's "Most Wanted" list, on which Tibbs was characterized as "considered armed and dangerous." (Am. Compl. ¶ 24; Tibbs Aff. at 2, 3; Doc. No. 20, at 8, 12.) Tibbs alleges that being included on the "Most Wanted" list is "tantamount to a 'shoot on sight' characterization," because it portrays Tibbs as a dangerous criminal. The Wilson County Sheriff's Department, however, had actual knowledge that Tibbs has no known history of violence and is not a danger to the community. (Am. Compl. ¶ 24.)

Tibbs claims that this publication is *per se* defamatory and casts Tibbs in a false light. He asserts that he suffered damages in that the publication placed Tibbs' life in danger and caused grave and permanent emotional suffering. (Am. Compl. ¶ 25.) In his Affidavit, Tibbs further asserts that he has been "severely damaged" by the publication through the loss of business income and damage to his reputation in the community. (Tibbs Aff. at 3.)

Tibbs also claims that the intentional acts of including Tibbs on the "Most Wanted" list was "motivated in whole or in part by racial animus" and served to deprive him of his federal constitutional rights as guaranteed by the Fourteenth Amendment, in violation of 18 U.S.C. § 242. (Am. Compl. ¶¶ 26, 27.)

## IV.     Motion for Summary Judgment

In his Motion for Partial Summary Judgment, the plaintiff seeks judgment in his favor on his defamation and false light invasion of privacy claims, on his claim that Bryan violated his constitutional rights, and on a claim that Bryan engaged in a conspiracy with Judge Wootten to

violate the plaintiff's constitutional rights.[3] He acknowledges that 18 U.S.C. §§ 241 and 242 do not confer a private right of action but argues that "a per se criminal violation serves to exemplify just how egregious was Bryan's conduct." (Doc. No. 50, at 5.)

In his Response in opposition to the Motion for Partial Summary Judgment, Bryan, through his own Affidavit and that of Lt. Steve Gatlin, acknowledges that Judge Wootten issued an Attachment Order for Shonn Tibbs in early February 2016 and that, pursuant to Tenn. Code Ann. § 8-8-201, the Wilson County Sheriff's Department has the responsibility of serving the attachment. (Doc. No. 61, at 4.) The Sheriff's Department made several efforts to serve the attachment but was unsuccessful. (Gatlin Aff. ¶ 10.)

After being unsuccessful in serving the Attachment Order on the plaintiff at his home, Lt. Gatlin, as Supervisor of Civil Process and Criminal Warrants, selected Tibbs to be included on the "Most Wanted" page of the Wilson County Sheriff's Department website. The Lebanon County Democrat, a local newspaper, republished the list with Tibbs' name appearing on it. (Gatlin Aff. ¶¶ 12.)

In opposing the plaintiff's Motion for Partial Summary Judgment, Bryan argues that (1) the attempts to execute the Attachment Order arose from the Sheriff's statutorily delegated duties under Tenn. Code Ann. § 8-8-201(a)(1); (2) that civil rights liability on the part of the Sheriff or the Sheriff's Department cannot be based on the doctrine of *respondeat superior*; (3) Sheriff Bryan is entitled to qualified immunity; (4) to the extent that the plaintiff's claims are premised upon Judge Wootten's issuing an Attachment Order and the Sheriff's Office's attempts to execute the attachment, the claims are barred by the *Rooker-Feldman* doctrine and should be

---

[3] The Amended Complaint does not actually include a conspiracy claim under 18 U.S.C. § 241. In addition, the court notes that it is unclear why the plaintiff designated his motion as one for partial summary judgment, as it appears that all remaining claims are encompassed by the motion.

dismissed *sua sponte* by the court for lack of subject-matter jurisdiction; (5) the undisputed facts fail to establish a claim for defamation or false light invasion of privacy; and (6) the plaintiff cannot bring claims based on 18 U.S.C. §§ 241 or 242, because these statutes do not confer a private right of action. The defendant, while acknowledging that he did not file his own motion for summary judgment, also suggests that the court dismiss the matter for lack of subject-matter jurisdiction on the basis that the claims against him, like those asserted against Judge Wootten, are barred by the *Rooker–Feldman* doctrine.

## V.      The R&R

The R&R recommends denying the plaintiff's pending motions and granting judgment in favor of the defendant. The magistrate judge concludes, first, that, to the extent the Amended Complaint can be construed as asserting claims for civil rights violations under 42 U.S.C. § 1983 against Bryan in his official capacity, it fails to allege facts suggesting that Wilson County had a policy or custom that was the moving force behind any purported constitutional violation and, further, that the Amended Complaint does not identify an actual constitutional violation.

Second, the magistrate judge finds that the Amended Complaint fails to state a claim for which relief may be granted based on alleged violations of 18 U.S.C. §§ 241 and 242, because these statutes do not grant a private right of action.

Third, the R&R finds that the plaintiff fails to state claims based on defamation and false light invasion of privacy because (1) Bryan was not responsible for publishing any statement about Tibbs; (2) the comment Tibbs complains about is not false and does not cast him in a false light; and (3) the plaintiff has not shown injury associated with his inclusion on the list of Wilson County's "most wanted." The magistrate judge recommends that the court dismiss the state law claims on these grounds or, alternatively, that the court decline to exercise supplemental

jurisdiction over the claims.

Having concluded that the undisputed facts demonstrate beyond any doubt that the plaintiff cannot establish that he is entitled to relief on the basis of any of his claims, the magistrate judge recommends that judgment be entered *sua sponte* in favor of Bryan. He also recommends that the plaintiff's motion for a hearing on his application for a TRO be denied, both because the plaintiff's claims fail on their merits and because the request for a TRO is essentially mooted by the respondent's representation that the attachment order was recalled in 2016 and by the plaintiff's acknowledgment that his listing on the Sheriff's Department's "Most Wanted" list was removed in August 2017.

**VI.    The Plaintiff's Objections**

The plaintiff objects to the R&R on the following grounds:

(1) The magistrate judge's recommendation of dismissal is "internally inconsistent" insofar as it does not appear to take into account the fact that the magistrate judge also granted the plaintiff's Motion for Leave to Amend or that the First Amended Complaint was entered on the same day the R&R was issued. (Doc. No. 66, at 1–2.)

(2) No "well-informed, thoughtful reading of the Amended Complaint could lead to the conclusion that the Amended Complaint is impermissibly 'conclusory,'" as it thoroughly details Bryan's misconduct and that of his employees, thus meeting "contemporary Rule 12(b)(6) pleading standards." (Doc. No. 66, at 2–3.)

(3) Declining to exercise supplemental jurisdiction over the plaintiff's state law claims would spell the "death knell" of those claims, as the plaintiff would have no hope of prevailing on them in state court before Judge Wootten, formerly a defendant in this action. (Doc. No. 66, at 3.)

## VII.    Discussion

The plaintiff, it appears, does not actually object to the magistrate judge's recommendation that the plaintiff's own motions be denied. Rather, he appears to object only to the recommendation that judgment be entered in favor of the defendant.

Regarding the specific objections, the court finds, first, that it was in no way inconsistent or improper for the magistrate judge to grant leave to amend the Complaint, direct the filing of the Amended Complaint, and recommend dismissal of the Amended Complaint all on the same day. Moreover, it is clear from the R&R that the magistrate judge considered the factual allegations and claims for relief against Bryan as asserted in the First Amended Complaint and that he found these claims to be deficient. The Amended Complaint differs from the original Complaint only in that it includes five new paragraphs, all concerning Bryan's actions. (Am. Compl. ¶¶ 24–28.) The R&R quotes these paragraphs in full. (R&R at 3–4.) The magistrate judge did not fail to take into consideration the allegations in the Amended Complaint.

Second, the plaintiff's reference to the standards for dismissal of a pleading under Rule 12(b)(6) is somewhat misplaced. That rule concerns whether a pleading, standing alone, states a claim for which relief may be granted, assuming that all the factual allegations in the pleading are true. In this instance, the magistrate judge recommends summary judgment in favor of the defendant on the basis that the facts have been sufficiently developed and that, irrespective of whether the claims are adequately pleaded for purposes of Rule 12(b)(6), the undisputed facts establish that the defendant is entitled to judgment in his favor as a matter of law.

Giving the plaintiff the benefit of the doubt, the court construes the Objections as arguing that the facts, viewed in the light most favorable to the plaintiff, do not establish that judgment in favor of the defendant is warranted. The court has reviewed the record as a whole *de novo* and

finds that the defendant is entitled to judgment in his favor as a matter of law on the plaintiff's federal claims, as discussed below. Because the claims over which the court has original federal jurisdiction are subject to dismissal, the court will decline to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

### A.      Section 1983

The Amended Complaint does not include an express reference to 42 U.S.C. § 1983. Rather, the plaintiff asserts that Bryan violated 18 U.S.C. § 242, a statute that criminalizes the violation of an individual's federal civil rights "on account of such person being an alien, or by reason of his color, or race," by a person acting under color of law. Because § 242 is a criminal statute that does not create a private right of action, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003), which the plaintiff now recognizes (*see* Doc. No. 50, at 5), the court broadly construes the Amended Complaint as asserting claims under 42 U.S.C. § 1983 instead.

42 U.S.C. § 1983 creates a civil cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws." To establish a § 1983 claim, a plaintiff must prove that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.Unlike the magistrate judge, the court construes the Amended Complaint as asserting claims against Bryan in both his individual and official capacities, based on the factual allegations in the Amended Complaint as a whole. [4]

---

[4] In the Amended Complaint, the plaintiff states that Bryan is "Sheriff of Wilson County, Tennessee and is sued in that capacity." (Am. Compl. 2.) On that basis, the magistrate judge construed the Amended Complaint as asserting a claim against Bryan in his official capacity only. (R&R at 11–12.) The Sixth Circuit applies a "course of proceedings" test to determine whether a § 1983 defendant has received notice of the plaintiff's intent to hold him personally

A claim against Bryan in his individual capacity requires showing that Bryan himself engaged in conduct that violated the plaintiff's constitutional rights. "*Respondeat superior*[5] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Official capacity suits, on the other hand, "generally represent . . . another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The official-capacity claims against Bryan are, therefore, actually against his employer, Wilson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing the county, as the clerk's employer). Wilson County, a municipality, is considered a "person" that may be liable for violations of § 1983. *Monell*, 436 U.S. at 689.

---

liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Amended Complaint read as a whole is clearly sufficient to establish that the plaintiff intended to sue the sheriff in his individual capacity as well.

[5] *Respondeat superior* is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." Ballentine's Law Dictionary (3d ed. 1969).

There is no question that a constitutional deprivation caused by Bryan acting in the course and scope of his employment or caused by some official policy or custom of Wilson County would be a deprivation caused by a person acting under color of state law, for purposes of the second element of a § 1983 claim. *Tahfs*, 316 F.3d at 590. The hurdle the plaintiff has failed to clear is the showing of a constitutional deprivation.

The plaintiff alleges that Bryan, in his official capacity as Wilson County Sheriff, is the governmental officer charged with the responsibility of executing the attachment order and arresting Tibbs pursuant to it. And, in fact, there is no dispute that the Wilson County Sheriff's Office, an arm of Wilson County, is the entity charged with serving attachment orders, as a matter of state law and official policy. Regardless, the plaintiff has not shown that the County's act of attempting (but failing) to serve an attachment order issued by a state judge violated the plaintiff's right to due process or equal protection, or any other particular constitutional right— even assuming that the attachment order was wrongfully issued in the first place. The plaintiff was never served the attachment order and was never arrested. He has since been notified that the attachment order has been withdrawn. The plaintiff cannot show that the various unsuccessful attempts by deputies of the Wilson County Sheriff's Office to serve him violated his rights in any way. The plaintiff's § 1983 claim against Bryan in his official capacity based on the Sheriff's Office's efforts to serve the attachment order is therefore subject to dismissal.

The plaintiff also asserts a claim against Bryan, apparently in both his individual capacity, based on Bryan's authorizing the plaintiff's inclusion on Wilson County's list of most wanted criminals and the resulting characterization of him as "considered armed and dangerous," despite Bryan's actual knowledge that the plaintiff did not have a history of violent behavior and was not a danger to the community (Am. Compl. ¶ 24.) Broadly construed, the Amended

Complaint suggests that the plaintiff's inclusion on the list violated his constitutional rights because (1) it was motivated by racial animus; and (2) it amounted to a "shoot on sight" order, thus placing his life in danger. (Am. Compl. ¶¶ 25–27.)

The Affidavit of Lt. Gatlin establishes that it was his decision to include Tibbs on the "Most Wanted" list. (Gatlin Aff. ¶ 12.) The affidavit of Sheriff Bryan establishes that he was not personally involved in that decision. (Bryan Aff. ¶¶ 6–8.) Even if he had been, however, the plaintiff has not shown how his inclusion on the list violated his constitutional rights. His insistence that the listing's characterization of him as potentially armed and dangerous amounts to a "shoot on sight" order and that it endangered his life is based entirely on the plaintiff's own speculation rather than actual evidence. Likewise, his assertion that the decision was racially motivated has no apparent evidentiary basis beyond the plaintiff's unsupported speculation.[6]

In short, the publication of the plaintiff's name on Wilson County's "Most Wanted" list, regardless of whether it might give rise to defamation and false light claims, does not amount to a violation of the plaintiff's rights under the United States Constitution. Consequently, the facts as alleged in the Amended Complaint and as developed by the parties' affidavits, viewed in the light most favorable to the plaintiff, do not support claims against Sheriff Bryan under § 1983, in his official or his individual capacity, because they fail to show a violation of the plaintiff's constitutional rights.

The factual record has been adequately developed, and Tibbs does not object to the granting of summary judgment in favor of the defendant on procedural grounds or argue that

---

[6] If this claim is construed as asserted against Bryan in his official capacity based on a municipal policy governing an individual's inclusion on the "Most Wanted" list and the standard use of the "considered armed and dangerous language," the same basic analysis applies. The plaintiff has not shown that the policy itself was the driving force behind a constitutional violation, because he has not shown a constitutional violation.

material factual disputes preclude judgment in favor of the defendant. "[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so as long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U. S. 317, 326 (1986); *Salehpour v. Univ. of Tenn.*, 159 F. 3d 199, 204 (6th Cir. 1998).

The court agrees with the magistrate judge that the plaintiff's motion for summary judgment on these claims must be denied and that Bryan, instead, is entitled to judgment in his favor as a matter of law on the plaintiff's claims under 42 U.S.C. § 1983.[7] Bryan is entitled to judgment on plaintiff's claim under 18 U.S.C. § 241, too, because that statute does not create a private right of action.

**B.      42 U.S.C. § 1985(3)**

Although the claim is not stated in the Amended Complaint, the plaintiff seeks judgment in his favor on a claim that Bryan engaged in a conspiracy with Judge Wootten to violate his civil rights; he cites to 18 U.S.C. § 241 while also recognizing that the statute does not create a private right of action. (*See* Doc. No. 50, at 5 ("Tibbs recognizes full well that [18 U.S.C. § 241] do[es] not confer a private right of action . . . . But, a per se criminal violation serves to exemplify just how egregious was Bryan's conduct . . . .").) On the undisputed facts, Bryan—not the plaintiff—is entitled to judgment in his favor on this previously unpleaded claim.

To succeed under a § 1985(3) conspiracy theory, a plaintiff must prove "(1) a conspiracy [among two or more persons]; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either

---

[7] The plaintiff actually moves for summary judgment on claims under 18 U.S.C. § 242, which the court construes as seeking judgment on his claim under 42 U.S.C. § 1983.

injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)). Further, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007).

In his Memorandum in support of his Motion for Partial Summary Judgment, the plaintiff alleges that Wootten engaged in a campaign of unlawful and inexplicable mistreatment of Tibbs, and that Bryan demonstrated his involvement in a conspiracy with Wootten by engaging in the "overt act" of placing Tibbs on Wilson County's "Most Wanted" list, published on the Sheriff's Office's website. (Doc. No. 50, at 6.) The undisputed facts show, however, that Lt. Gatlin independently made the decision to include the plaintiff on the "Most Wanted" list. Bryan did not participate in that decision. Further, the plaintiff fails to present any evidence suggesting that the decision was racially motivated or that Bryan (or Gatlin) had knowledge of any allegedly wrongful behavior on the part of Wootten. The plaintiff, in short, does not point to any actual evidence in the record suggesting the existence of a race-based conspiracy involving Sheriff Bryan to deprive the plaintiff of the equal protection of the laws.

Thus, even if the Amended Complaint could be broadly construed as asserting claims under § 1985(3) (or 18 U.S.C. § 241), the evidence in the record fails to support such a claim. The plaintiff's Motion for Partial Summary Judgment on this claim will be denied, and the defendant is entitled to judgment in his favor on this claim as well.

### C.     State Law Claims: Defamation and False Light Invasion of Privacy

When a plaintiff's federal claims have been dismissed on the merits, the question of

whether to retain jurisdiction over the state law claims rests within the district court's discretion. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). The dismissal of the claims over which the federal court had original jurisdiction creates a presumption in favor of dismissing without prejudice any supplemental state law claims. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). And the Sixth Circuit has held that it is not an abuse of discretion to dismiss supplemental claims under 28 U.S.C. § 1367(c)(3) when all federal claims over which the court had original federal jurisdiction have been dismissed. *Wee Care Child Ctr.*, 680 F.3d at 849. In addition, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Having concluded that the defendant is entitled to judgment in his favor on all federal claims and that those claims should be dismissed with prejudice, the court has the discretion under § 1367(c)(3) to decline to exercise supplemental jurisdiction over the plaintiff's state law claims. The plaintiff objects to the magistrate judge's (alternative) recommendation that the court decline to exercise supplemental jurisdiction over these claims, insisting that he cannot obtain justice in the state court, because such a case would be presided over by the same judge who was previously a defendant in this action. The court, however, takes judicial notice that Judge Wootten is not the only judge of the Fifteenth Judicial District of Tennessee, and the plaintiff would have the ability to seek Judge Wootten's recusal if he were assigned to preside over a case filed by the plaintiff. The court will not presume that the plaintiff cannot obtain a fair trial in state court and further finds that the interests of comity, judicial efficiency, and fairness do not

militate in favor of maintaining jurisdiction in this court.[8]

Accordingly, the court will exercise its discretion under 28 U.S.C. § 1367(c)(3) to dismiss without prejudice the plaintiff's state law claims.

### D. Temporary Restraining Order

The court accepts the magistrate judge's recommendation that the plaintiff's Motion for a hearing on his application for a TRO be denied, to which the plaintiff does not pose a specific objection. In any event, the dismissal of this action will moot all other pending motions.

## VIII. Conclusion

For the reasons set forth herein, the court finds the plaintiff's Objections to be without merit. The court accepts the magistrate judge's recommendations that the plaintiff's federal claims be dismissed with prejudice and that his state law claims be dismissed without prejudice. The plaintiff's Motion for Partial Summary Judgment and application for a TRO will be denied, and this action will be dismissed in its entirety.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[8] The court does not reach the merits of the plaintiff's defamation and false light claims but notes that, even assuming that the posting of the plaintiff's name on the "Most Wanted" list amounted to defamation and false light invasion of privacy, (1) insofar as Bryan is sued in his official capacity, the claim would be barred by the Tennessee Governmental Tort Liability Act, which excludes from the waiver of sovereign immunity claims based upon libel and slander, Tenn. Code Ann. § 29-20-205; and (2) there is no evidence that Bryan individually was involved in the decision to post the plaintiff's name on the most-wanted list.